UNITED STATES v. DAVENPORT et al.

(Circuit Court, D. Connecticut. March 28, 1899.)

No. 410.

OFFICERS—ACTION AGAINST BONDSMEN—PLEADING.

Where a complaint against the bondsmen of a public officer for overcharge and unlawful expenditure sets out fully the items thereof, averments as to an adjustment of his accounts by his official superior, whereby a certain sum was found due, and a reference to the account as stated by such superior, and his reports in relation thereto, on file in court, will be stricken out.

Action by the United States against Theodore Davenport and others. Defendants move to strike out part of the complaint.

C. W. Comstock, for the United States.
H. Stoddard, for defendants.

TOWNSEND, District Judge. This is an action brought by the United States to recover $5,000, damages from the bondsmen of one Theodore Davenport, on account of alleged breaches of duty by him while acting as superintendent of post-office buildings and disbursing clerk of the United States. The breaches of duty alleged consisted in unlawful expenses and overcharges for salaries, fuel, furniture, painting, and miscellaneous items. Paragraphs 12 and 13 of the complaint are as follows:

"(12) The said defendant Theodore Davenport did, during the term of his said office as superintendent of departmental buildings and disbursing clerk, receive from the plaintiff, and did overcharge, and unlawfully, and without authority or right, and in violation of the said writing obligatory, and the conditions thereof, as set forth in paragraph one of this complaint, of the moneys of the plaintiff, expend, overcharge, withhold, and unlawfully keep and retain from the plaintiff, on account of sale of old material, in 1891, $24, and on account of miscellaneous expenditures and items prior to the sixth day of March, in the year 1893, $34, as by the reports of the first comptroller of the treasury numbers 300,141, 65,438, 65,523, 65,524, 65,471, 65,302, 65,503, 65,521, 1,811½, 66,969, which are filed in court with this complaint, and made a part thereof, it fully appears; said sums amounting, in all, to $3,810.51.

"(13) After the expiration of the term of office of the defendant Theodore Davenport, and prior to the commencement of this action, the accounts of the said Davenport, as such departmental buildings and disbursing clerk, were adjusted according to law by the first comptroller of the treasury, and the said comptroller, as on said reports mentioned in paragraph 12 of this complaint and filed herewith it appears, found and reported a balance due from the defendant Theodore Davenport to the plaintiff in the said sum of $3,810.51."

The defendants move to strike out that portion of paragraph 12 which states, "as by the reports of the first comptroller of the treasury numbers 300,141, 65,438, 65,523, 65,524, 65,471, 65,302, 65,503, 65,521, 1,811½, 66,969, which are filed in court with this complaint, and made a part thereof, it fully appears," and all of paragraph 13, and the alleged reports referred to therein, because the allegations therein are incompetent, irrelevant, immaterial, and hearsay, and contain no statement of a relevant or issuable fact; and, further, to strike out the reference to said alleged reports in paragraph 14, and the exhibit containing the same filed as part of said complaint; and they also specify a large number of letters and papers therein which they wish to have stricken out. The papers, taken as a whole, comprise a recommendation by the comptroller to the postmaster general that there be an investigation of Davenport's accounts; a mass of papers, accounts, and correspondence; a report by the register to the comptroller indicating a balance due of $3,810.51; and a certificate of the acting register that said papers contain the final adjustment of the account of said Davenport. The items making up said total amount of $3,810.51 are each and all contained in paragraphs 5, 6, 7, 8, 9, 10, 11, and the first part of paragraph 12, of the complaint. The object of said complaint is to inform the defendants of the charges against them, and to show what matters are disposed of by final judgment. It is clear that the collection of papers contained in this exhibit, taken as a whole, are not a proper part of the complaint. The question of their admissibility in evidence has been much discussed in the briefs of counsel. While the character of many of them is such that it is difficult to conceive on what theory they could be offered in evidence, it is unnecessary to pass upon that question in disposing of this motion. The motion to strike out is granted.